IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00458-BNB

ALEX HERRERA,
    Plaintiff,

v.

GOVERNOR OF COLORADO – BILL OWENS,
MAYOR OF DENVER, COLORADO, – JOHN HICKENLOOPER,
CHIEF OF DENVER COUNTY JAIL – FRED OLIVAS, and
HEAD OF MEDICAL DEPT. AT D.C.J.,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 6 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO SHOW CAUSE

Plaintiff Alex Herrera is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Herrera has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Herrera also asserts state law claims. He seeks money damages as relief.

The court must construe the complaint liberally because Mr. Herrera is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Herrera will be ordered to show cause why the constitutional claims should not be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Herrera must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Mr. Herrera is a prisoner confined in a correctional facility. He claims that he was denied adequate medical care while he was incarcerated at the Denver County Jail. He specifically claims under federal law that he was subjected to cruel and unusual punishment. Because the federal claim relates to prison conditions, Mr. Herrera must exhaust the available administrative remedies.

Mr. Herrera does not attach to the complaint copies of any grievances he filed while he was incarcerated at the Denver County Jail. He also fails to allege with specificity how he exhausted the Denver County Jail's grievance procedure. Mr. Herrera's allegations that he submitted many medical kites and an informal grievance and that he informed various jail officials about his injury does not satisfy the pleading requirement imposed by § 1997e(a). Therefore, Mr. Herrera will be ordered to show cause why the federal claim should not be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that Mr. Herrera show cause in writing **within thirty (30) days from the date of this order** why the federal claim should not be dismissed for failure to exhaust administrative remedies. It is

FURTHER ORDERED that if Mr. Herrera fails to show cause to the court's satisfaction within the time allowed, the federal claim will be dismissed without further notice.

DATED April 6, 2006, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00458-BNB

Alex Herrera
Reg. No. 117027
FMCC - D-2L-6
PO Box 200
Canon City, CO 81215-0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/6/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk