IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 21 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00458-ZLW

ALEX HERRERA,

    Plaintiff,

v.

GOVERNOR OF COLORADO – BILL OWENS,
MAYOR OF DENVER, COLORADO – JOHN HICKENLOOPER,
CHIEF OF DENVER COUNTY JAIL – FRED OLIVAS, and
HEAD OF MEDICAL DEPT. AT D.C.J.,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Alex Herrera has filed *pro se* on June 7, 2006, a "Motion for Rehearing on Order of Dismissal by the Court." Mr. Herrera asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on May 25, 2006. The Court must construe the motion to reconsider liberally because Mr. Herrera is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Herrera filed the motion to reconsider within ten days after the

Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action because Mr. Herrera failed to exhaust administrative remedies for the constitutional claim he asserted. In the motion to reconsider Mr. Herrera argues that he did exhaust administrative remedies because he filed a number of informal kites and a formal grievance while he was incarcerated at the Denver County Jail.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Herrera fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Herrera does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The informal kites Mr. Herrera alleges he filed do not satisfy the exhaustion requirement and the fact that he filed a formal grievance also does not satisfy the exhaustion requirement because, as discussed in the Court's Order and Judgment of Dismissal, Mr. Herrera did not raise in the formal grievance the same issues he raises in the constitutional claim asserted in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Rehearing on Order of Dismissal by the Court" filed on June 7, 2006, is denied.

DATED at Denver, Colorado, this 20 day of June, 2006.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00458-BNB

Alex Herrera
Reg. No. 117027
FMCC - D-2L-6
PO Box 200
Canon City, CO 81215-0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6-21-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk